Williams v Williams (2025 NY Slip Op 51629(U))

[*1]

Williams v Williams

2025 NY Slip Op 51629(U)

Decided on October 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ

570178/25

Joseph Williams Jr., and Angela Williams as Administrators of the Estate of Tanya Eyvette Jowers Petitioners-Respondents,

against

Joseph Williams Sr., Respondent-Appellant.

Respondent appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about November 6, 2024, after a nonjury trial, which awarded possession to petitioners in a holdover summary proceeding.

Per Curiam.

Appeal from order (Jack Stoller, J.), entered on or about November 6, 2024, deemed an appeal from the ensuing final judgment (same court and Judge), entered on or about November 12, 2024, and so considered (see CPLR 5520 [c]), final judgment affirmed, without costs.

On this appeal, respondent-appellant Joseph Williams, Sr., does not challenge the trial court's determination that he did not qualify as a nontraditional family member entitled to succession rights (see Braschi v Stahl Assoc. Co., 74 NY2d 201 [1989]). Instead, he claims that the HDFC proprietary lease entitles him, as the "spouse" of the deceased tenant, to have the shares appurtenant to the apartment "transferred to [him] without question." This contention was not raised in respondent's answer, amended answer, or at trial, and thus, is not preserved for appellate review (see Estreich v Lifecare, 178 AD3d 543, 544-545 [2019]; Ulukaya v Pan Am Equities, 67 Misc 3d 128[A], 2020 NY Slip Op 50396[U] [App Term, 1st Dept 2020]). Even if we were to consider this unpreserved contention, we would find it unavailing. Respondent was not married to the deceased tenant-of-record, and the lease provisions relied upon merely govern the standard for consent by the Directors or Shareholders of the HDFC cooperative to assignments of the lease by the shareholder/tenant, executor or administrator. Contrary to respondent's contention, the lease does not provide that respondent was entitled to assign the lease to himself or that the lease would automatically be transferred to him upon the death of the tenant-of-record.

Nor did respondent establish the requisite extraordinary circumstances necessary to support a claim for ineffective assistance of counsel in the context of civil litigation (see Matter of Robinson, 44 AD3d 961 [2007]; Matter of Cichosz v Cichosz, 12 AD3d 598, 599 [2004]).

We have considered respondent's remaining contentions and find them to be without [*2]merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: October 17, 2025